## William N. Hairgrove v. Theodore Curtiss et al.

1. JUROR—*Misconduct of—What is Not.*—A conversation between a juror and an agent of one of the parties to a suit, had during an intermission of the court while the case was on trial, is not ground for a reversal of the judgment rendered, if it be shown that the conversation

was casual, had no reference to the case, and was very brief and in no-
wise private or clandestine, but open and in the presence of others.

2. VERDICTS—*When Conclusive.* — Where the whole controversy
turned on the facts, as to which the evidence was conflicting, and there
was no erroneous ruling which probably did or could affect the jury in
arriving at their verdict, it will not be disturbed.

**Assumpsit,** for legal services.    Appeal from the Circuit Court of Mor-
gan County; the Hon. CYRUS EPLER, Judge, presiding.    Heard in this
court at the May term, 1896.    Affirmed.    Opinion filed November 21,
1896.

GEORGE W. SMITH, E. C. KNOTT and J. J. REEVE, attorneys
for appellant.

JOHN A. BELLATTI, attorney for appellees.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

This was assumpsit to recover for professional services
alleged to have been rendered by the plaintiff as an at-
torney at law for the defendants.    A trial by jury resulted
in a verdict for defendants, and judgment was rendered ac-
cordingly after a motion for a new trial was overruled.

The plaintiff claimed that he had an arrangement with
defendants by which he undertook to collect an account
held by them against one McCasland, and that for his serv-
ices he was to have one-half of whatever he could collect;
that he took such action as induced the debtor to offer as a
compromise certain real estate in the city of East St. Louis,
which the defendants did not accept, and that they then, act-
ing upon the information derived through the plaintiff, em-
ployed another attorney, who brought suit against the
debtor and succeeded in collecting some $2,200, and plaint-
iff insisted that he ought to receive just compensation for
his services, which, as he claims, led the defendants to such
a knowledge of the debtor's location and financial condition
as enabled them to secure the sum mentioned on a demand
which they had previously considered worthless.    The testi-
mony of the plaintiff was to the effect stated, and as is
urged, was somewhat corroborated by other evidence offered

on his behalf. That of Hutchinson, the cashier and agent for defendants, with whom plaintiff claims to have made the arrangement relied upon, is flatly to the contrary, and is in some degree supported by other evidence offered on their behalf. While the brief of appellant urges with persistence and apparent confidence that the judgment should be reversed on the evidence, we are compelled to say that after a careful examination of the abstract, as well as the arguments, we find no sufficient ground for the contention. Perhaps a verdict for the plaintiff would have been warranted by the proof—possibly such a verdict would consist with the greater weight of the evidence as it appears in the written record; yet there is no such preponderance as would require or justify a reversal for that cause.

The burden of proof was on the plaintiff, the evidence was in hopeless conflict upon a vital point, and it was a question as to the credibility of the witnesses which must be regarded as settled by the verdict.

It is urged the first instruction given at the instance of defendants as to the burden of proof was misleading as applied to the evidence and should not have been given. We think not.

The third is objected to because it holds the plaintiff to proof of compliance with the undertaking to collect before he could recover anything. Such is not its purport, but that the plaintiff could not recover the alleged agreed compensation, to wit, one-half of the amount collected, without showing that he did collect in accordance with the agreement, which is certainly correct. The objection to the fifth is also based upon a misapprehension of its meaning. It is to the effect that the burden was on plaintiff to show that Hutchinson was authorized by defendants to employ the plaintiff and that he did so, and if plaintiff had failed to prove either of said propositions, or that defendants ratified the employment by Hutchinson, the jury should find for defendants. By the instruction it was intended to say (and we think it was so understood) that plaintiff must show employment by Hutchinson and that Hutchinson was

authorized for that purpose, or that his act in that respect was ratified and was in line with instructions three, four and five, given at the instance of the plaintiff. As to the refusal to give instructions one and two asked by plaintiff of which complaint is made, it will be found that their substance, so far as important and essential in view of the issue as presented to the jury, is sufficiently contained in the third given. The points made by those instructions are not contradicted by any given for the defendants, but are in effect implied, if not directly conceded.

We can not suppose that the jury would have been led to a different view of the case in any respect had the refused instructions been given.

It was urged as one of the grounds for a new trial, that there was improper conduct on the part of one of the jurors in holding a conversation with the witness, Hutchinson, during an intermission of the court while the case was on trial, but it was satisfactorily shown that the conversation was casual, had no reference whatever to the case, and was very brief and not in anywise private or clandestine, but open and in the presence of others, in a public place.

There is nothing in that point, nor in the position also urged that the sheriff favored the defendants by coercing the jury.

The plaintiff made affidavit in support of the motion for new trial, to the effect that he could prove by the officials, R. G. Dun & Co., that no report of the standing of McCasland was given to Hutchinson, as testified to by the latter. In looking through Hutchinson's testimony, as given in the abstract, we do not find any statement by him as to a report furnished by Dun & Co. in reference to McCasland, nor can we see how the supposed testimony would be decisive, nor is there an affidavit of the witness by whom such proof could be made.

This point must also be overruled.

As another special ground for new trial, the plaintiff made affidavit that the testimony of Theodore E. Curtiss, one of the defendants, took him by surprise, because it was

different from what the same witness had testified on a former trial of the case. A copy of the reporter's notes of the testimony as formerly given was also presented, from which it appears that when he first testified the witness had no recollection of ever talking with the plaintiff about the matter, while on the last trial he did remember that there was a conversation between them, but did not agree with plaintiff as to what occurred.

The witness was eighty-two years old at the last trial, and admitted on cross-examination that his memory was indistinct as to the particulars of the conversation. No sufficient reason is shown for not producing the notes of the former testimony on this trial, nor is it probable that if they had been produced the result would have been any different. The last testimony, when all considered, is not more prejudicial to the case of the plaintiff, in any substantial or tangible respect, than the first. We are very clearly of opinion the ground thus alleged did not require a new trial, of itself, or in connection with the other points presented by the motion. The whole controversy turned on the facts as to which the evidence was conflicting, and we find no erroneous ruling which probably did or could affect the jury in arriving at their verdict. The judgment must therefore be affirmed.